UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOGAN N. MILLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5477** |
| **CITY OF BOGALUSA, ET AL.** | **SECTION: "C"** |

**ORDER AND REASONS**[1]

Before this Court is the defendant's, Leigh Anne Wall's, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively Rule 12(c). No. 12-991, Rec. Doc. 54.[2] Plaintiff, Logan N. Mills, opposes the motion. No. 12-991, Rec. Doc. 57. Having considered the record, the memoranda of counsel, and the law, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss, as set forth below.

**I. BACKGROUND**

Mr. Mills' claim derives from events surrounding a bank robbery that took place on April 20, 2011. Rec. Doc. 1 at 4. On or about April 18, 2012, Mills filed an excessive force claim against members of the Bogalusa Police Department in the Eastern District of Louisiana. *Id.* The defendant Leigh Anne Wall was the Assistant District Attorney trying Mills' case. *Id.* at 5. Mills' criminal trial ended on August 20, 2012. *Id.* at 6. That same day a Mr. Dendinger, acting as a process server for the excessive force claim, served a Mr. Cassard outside the courthouse, an alleged former member of the Bogalusa Police Department and named defendant in plaintiff's original suit. No. 12-991, Rec. Doc. 57 at 5. Cassard allegedly called out to Ms. Wall, who was

---

[1] William Simoneaux, a second-year student at New York University School of Law, assisted in the preparation of this Order and Reasons.

[2] This matter was originally consolidated with case number 12-991 on motion of the court and later de-consolidated on motion of the parties. *See* Rec. Docs. 5, 6. Ms. Wall's motion and plaintiff's opposition were filed into the consolidated record under case number 12-991.

1

standing nearby. *Id.* at 6. Mr. Dendinger was subsequently arrested, allegedly without probable cause for the crimes he was charged with. *Id.* at 7, 30. Plaintiff alleges that "Wall was the individual who either prepared and signed the Affidavit or who was involved in the preparation of the Affidavit . . . ." *Id.* He also alleges that Wall was present at the Washington Parish Jail when Mr. Dendinger was brought there for booking. *Id.* Plaintiff further alleges that Chief Culpepper, a defendant in the excessive force suit, "whistled the theme from Clint Eastwood's 'The Good, The Bad, & The Ugly,' winked, and laughed" while Wall "joined in . . . and laughed at the process server, as well." *Id.* Plaintiff then filed the claim in question against Ms. Wall for violation of civil rights under 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court must take the well-pleaded factual allegations of the complaint as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (citations and quotation marks omitted). Plaintiff's pleading must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555). On the other hand, a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks omitted). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the

content of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III. LAW AND ANALYSIS

A. Plaintiff has standing.

Defendant contends that plaintiff lacks standing to "assert a cause of action for actions allegedly taken against a process server." No. 12-991, Rec. Doc. 54-1 at 4. Plaintiff alleges that although the process server, and not himself, was arrested, the defendant et-al effected the arrest of the process server in retaliation for plaintiff's filing his initial lawsuit. Rec. Doc. 1 at 8. Plaintiff argues that the alleged "message" that defendants were attempting to send by arresting the process server establishes the "personal stake" necessary for standing. No. 12-991, Rec. Doc. 57 at 9-10 (citing *Raines v. Byrd*, 521 U.S. 818-19 (1997)). The Supreme Court has made it clear that "a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties.' " *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Neither party argues that plaintiff is asserting the rights of the process server as opposed to his own. Rather, plaintiff "seeks to protect his own, particular interests that are under attack, i.e., the First Amendment right to petition." No. 12-991, Rec. Doc. 57 at 10. Therefore, plaintiff's alleging actions taken against "his agent" as opposed to himself does not deny him standing because he asserts that those actions violated his rights and not those of his agent. Rec. Doc. 1 at 8.

B. Plaintiff has not stated a claim for violation of his First Amendment rights.[3]

---

[3] Plaintiff expressed his intent to amend his complaint in his opposition to the defendant's motion, stating that he would add a claim under 42 U.S.C. § 1985. No. 12-991, Rec. Doc. 57 at 10. Plaintiff will need to allege additional facts in order to adequately state this claim. Subsection (1), by its terms, only applies to "officer[s] of the United States." § 1985. Subsection (2) "was intended to protect those parties who were physically present to attend or testify in a federal

In order to establish a claim under § 1983, plaintiff must show the "deprivation of a right secured by federal law . . . ." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Plaintiff alleges violations of his First and Fourteenth amendment rights. Rec. Doc. 1 at 8 ¶ 26. Specifically, plaintiff alleges that Ms. Wall, by participating in the arrest of the process server, was "engaged in a 'selective prosecution' against plaintiff's agent . . . in retaliation for [his] exercise of free speech." *Id.* at ¶ 27. As required for a "selective enforcement" claim, Plaintiff alleges that the defendant's actions were "motivated by improper considerations," in this instance the "desire to prevent the exercise of a constitutional right." *Bryan v. City of Madison, MS* 213 F.2d 267, 277 (5th Cir. 2000) (citation omitted). Defendant points out that Ms. Wall "was not a party to any excessive force suit." No. 12-991, Rec. Doc. 54-1 at 4. Therefore, she may lack the motive plaintiff attributes to her. However, viewing the facts in the light most favorable to the plaintiff, *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205, Ms. Wall's alleged laughter,[4] her alleged participation in the arrest of the process server, her association with the defendants in the excessive force suit, and the alleged lack of probable cause to arrest[5] taken

---

court." *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987) (citation omitted). It does not apply to claims of retaliation for filing a federal lawsuit. *Id.* Subsection (3) requires an allegation of "racial animus." *Id.* at 757 (citation omitted). Finally, each of these sections requires an allegation of conspiracy to commit the alleged acts. § 1985.

[4] Defendant argues that her alleged laughter "is legally insufficient to assert an actionable constitutional deprivation." No. 12-991, Rec. Doc. 54-1 at 5. Plaintiff's complaint does not allege that this action was actionable taken alone. Rather, it evidences an improper motive. However, plaintiff later responds in his opposition that such action "constitutes a criminal assault." No. 12-991, Rec. Doc. 57 at 12. However, this is a "legal conclusion," meaning a court need not accept it as true. *Iqbal* 556 U.S. at 678. The court also need not consider it at all because this allegation does not appear in plaintiff's complaint. *See Collins*, 224 F.3d at 498.

[5] Existence of probable cause for arrest would defeat a plaintiff's First Amendment retaliatory arrest claim, but this is a question of fact for a jury. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008); *cf. Reichle v. Howards*, 132 S. Ct. 2088 (2012) (holding that the right to be free from a

4

together plausibly evidence an intent to retaliate. Because "direct evidence of improper motive is difficult, if not impossible, to obtain" plaintiffs in "unconstitutional retaliation" cases may rely on "circumstantial evidence" to make out their claim. *Fowler v. Smith*, 68 F.3d 124, 127 (5th Cir. 1995) (citation omitted).

Defendant also claims plaintiff has failed to show a violation of his right to access the courts. No. 12-991, Rec. Doc. 54-1 4-5. "It is by now well established that access to the courts is protected by the First Amendment right to petition." *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979). Defendant argues that, although courts have recognized this right, "such right is implicated where the ability to file or institute suit was delayed or blocked altogether. No. 12-991, Rec. Doc. 54-1 at 4 (citing *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)). Therefore, plaintiff's complaint arguably does not establish an actionable violation of this right given that his suit "was already pending at the time of the alleged actions." *Id* at 5. However, plaintiff does not contend that he was denied rightful access to the courts, but rather that the actions taken against his process server were unlawful in that they were committed in retaliation for the exercise of plaintiff's First Amendment rights. Rec. Doc. 1 at 8.

"[T]he First Amendment prohibits not only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir.1999). In order to establish a claim for First Amendment retaliation, a plaintiff must show that "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants'

---

First Amendment retaliatory arrest otherwise supported by probable cause was not clearly established at the time of respondent's arrest by the Secret Service.).

adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002) (citations omitted).

As already discussed, plaintiff has successfully pleaded facts to support the first and third of these elements by alleging his participation in the related lawsuit against members of the Bogalusa Police Department and the arrest of his process server without probable cause. Without substantial briefing on the matter, the Court is willing to accept for the sake of argument that the arrest of a process server under the circumstances alleged in the complaint is activity sufficient to chill a person of ordinary firmness from continuing to prosecute the case. Plaintiff has pleaded Ms. Wall's personal involvement in in that activity. *See* Rec. Doc. 1 at 7 ¶ 22. (Ms. Wall "either prepared and signed the Affidavit or . . . was involved in the preparation of the Affidavit . . .").

However, the Fifth Circuit has held that in order to meet the second requirement, a retaliation claim requires some showing that the plaintiff's exercise of free speech has been curtailed. *Id.* at 259 (citation omitted). "[S]ince there is no justification for harassing people for exercising their constitutional rights" this curtailment "need not be great in order to be actionable." *Id.* (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)) (internal quotation marks omitted). Plaintiff has not alleged that Ms. Wall's actions affected his willingness to proceed with the excessive force suit. *See* Rec. Doc. 1. Furthermore, the process server's arrest did not prevent him from serving Cassard, i.e. the arrest did not interfere with plaintiff's ability to serve process. Rec. Doc. 1 at 6. In his opposition to the motion to dismiss, plaintiff proposes to cure this deficiency by pleading his claim under 42 U.S.C. § 1985 in addition to or instead of § 1983. *See* No. 12-991, Rec. Doc. 57 at 11-12. The Court is not persuaded that this would either cure plaintiff's failure to properly allege injury or obviate the need for him to do so.

Plaintiff would need to allege additional facts related to injury in order to move forward on this claim. To maintain a claim for damages or declaratory judgment against defendant, as the Fifth Circuit held in *Keenan*, plaintiff must plead specific facts showing actual curtailment in response to defendants' allegedly retaliatory activity. To the extent that plaintiff wishes to enjoin a future First Amendment violation, he must plead specific facts showing a substantial threat of actual curtailment, rather than curtailment that has already occurred. *See, e.g.*, *Lionhart v. Foster*, 100 F. Supp. 2d 383, 386 (E.D. La. 1999); s*ee also Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). The complaint as currently written fails to identify any specific curtailment, actual or threatened.

Under similar circumstances, the Court has granted leave to amend. However, the Fifth Circuit also requires that First Amendment claims predicated on criminal prosecution meet the requirements of a common law claim for malicious prosecution. *Keenan*, 290 F.3d at 260 (citing *Johnson v. Louisiana Dept. of Agriculture*, 18 F.3d 318, 320 (5th Cir. 1994)). This requires both the absence of probable cause *and* successful termination of proceedings in favor of the accused. *Johnson*, 18 F.3d at 320-21. Plaintiff has not alleged termination of the process server's charges in the process server's favor. His opposition to dismissal indicates that proceedings are ongoing. No. 12-991, Rec. Doc. 57 at 6-8.

Under these circumstances, dismissal of the claims against Ms. Wall is warranted, even without considering her immunity defenses and official capacity argument. However, because Mr. Dedinger may yet prevail on his criminal charges, breathing new life into this claim, the Court would only dismiss <u>without</u> prejudice based on the foregoing analysis. The Court therefore

proceeds to analyze the remainder of Ms. Wall's arguments to determine whether the complaint must be dismissed in its entirety with prejudice.

C. Plaintiff's official capacity claims against Ms. Wall have no merit.

In order to state a claim against someone in their official capacity, a plaintiff needs to point to an "official policy." *Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir. 2003). Defendant points out that plaintiff has failed to identify the "official policy" that harmed him. No. 12-991, Rec. Doc. 54-1 at 6-7. In order to show that certain actions reflect "official policy," plaintiff must allege "facts sufficient to show a pattern or practice . . . that is so widespread as to constitute an official custom . . . ." *Yates*, 73 F. App'x at 20 (affirming the decision to dismiss plaintiff's § 1983 claim against a Sheriff in his official capacity). Plaintiff instead contends that decision(s) made by a "final policymaker" justify an official capacity claim. No. 12-991, Rec. Doc. 57 at 12 (citing *Brown v. Bryan County, Oklahoma*, 67 F.3d 1174, 1183 (5th Cir. 1995), *vacated*, 520 U.S. 397). Plaintiff provides no support for the allegation that the defendants were each "final policymakers with respect to" their actions. Rec. Doc. 1 at 9. The Fifth Circuit has held that "state law" should be the "sole determinant" of "final policymaking authority." *Gros v. City of Grand Prairie, Tex.*, 181 F.Supp 613 (5th Cir. 1999). Plaintiff does not cite any Louisiana law indicating that an assistant district attorney would have "final policymaking authority" over the actions alleged in the complaint. *See* Rec. Doc. 1. As defendant correctly maintains, the Fifth Circuit has held that a Louisiana Assistant District Attorney "is not a policymaker and not the proper defendant for an official capacity claim against the District Attorney's Office." *Truvia v. Julien*, 187 F. App'x 346, 350 (5th Cir. 2006) (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 469 (5th Cir. 1999). *See also* La. Code Crim. Proc. Ann. art. 61 (2013) ("Subject to the supervision of the attorney general . . . the district attorney has entire charge and control of every

criminal prosecution instituted or pending in his district . . . ."). Therefore, failing amendment by plaintiff,[6] all claims against Ms. Wall in her official capacity as an assistant district attorney for Washington Parish should be dismissed.

D. Defendant's actions do not warrant absolute immunity.

"[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, (1993) (internal quotation marks omitted) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Defendant claims that she is absolutely immune from civil liability "for any action taken in connection with a judicial proceeding." No. 12-991, Rec. Doc. 54-1 (citing *Buckley*, 509 U.S. 259). However, the complaint does not concern Ms. Wall's prosecutorial activities. *See id.* at 8-9. Rather, plaintiff points out that he alleged in his complaint that Ms. Wall "acted as a complaining witness" in preparing the affidavit for Mr. Dendinger's arrest. No. 12-991, Rec. Doc. 57 at 13 (citing Rec. Doc. 1 ¶ 22). Therefore, she is not subject to absolute immunity at least with respect to that action. *Kalina v. Fletcher*, 522 U.S. 188, 130 (1997) (holding that a prosecutor could be subject to § 1983 liability "insofar as [she] performed the function of a complaining witness.").[7]

---

[6] Plaintiff notes that, in his amended complaint, he will allege that the district attorney for Washington Parish ratified Ms. Wall's actions. This arguably would cure the present deficiency of the complaint because under Louisiana law a district attorney does have final policymaking authority. *Burge*, 187 F.3d at 469 ("[A] district attorney is the independent and final official policymaker for all the administrative and prosecutorial functions of his office."). However, the Court cannot presently consider this possibility as it is not suggested in the original complaint. *See Collins*, 224 F.3d at 498.

[7] Plaintiff also states his intent to allege that "Wall gave legal advice to police officers regarding probable cause to arrest Mr. Dendinger" if given the opportunity. No. 12-991, Rec. Doc. 57 at 14. This allegation does not appear in the plaintiff's original complaint and so should not be considered. *See Collins*, 224 F.3d at 498. However, should plaintiff amend his complaint to include that allegation, it would effectively rebut Ms. Wall's claim to absolute immunity. *Burns*, 500 U.S. at 492-96, 493 ("We do not believe . . . that advising the police in the investigative phase of a criminal case is so 'intimately associated with the judicial phase of the criminal

9

E. Qualified immunity does not mandate dismissal with prejudice.

Individuals sued in their personal capacity in § 1983 may assert personal immunity defenses. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted). Plaintiff alleged in his complaint that the "mockery of plaintiff's process server" was an action taken "outside the normal function of a district attorney. Rec. Doc. 1 at 9 ¶ 31. Defendant maintains that her alleged actions were "within the course and scope of her lawful powers and duties" meaning "she is therefore entitled . . . to immunity from the alleged cause of action in her individual capacity." No. 12-991, Rec. Doc. 54-1 at 10-11. "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (citations omitted). Thus, a court must determine whether plaintiff has sufficiently alleged a violation of a constitutional right and, if so, whether or not this right was 'clearly established' at the time of the defendant's actions. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001).[8] Regarding the second prong of this test, "courts must examine whether the state of the law at the time gave defendants fair warning that their behavior toward plaintiffs was unlawful to determine whether plaintiffs have overcome defense of qualified immunity." *Sonnier v. Crain*, 649 F. Supp. 2d 484, 494 (E.D. La. 2009) (citing *Williams v. Kaufman County,* 352 F.3d 994, 1005–06 (5th Cir. 2003).

As previously noted, plaintiff's complaint stumbles at the first of the qualified immunity requirements. He has not yet pleaded a violation of his constitutional rights, though he may yet

---

process' . . . that it qualifies for absolute immunity.") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

[8] Courts are no longer required to follow this procedure exactly, but may exercise discretion in determining which of the two prongs to apply first. *Id.* at 236.

do so. Assuming that he is able to do so in the future, qualified immunity would pose no barrier to his recovery. It was by 1979, "well established that access to the courts is protected by the First Amendment right to petition." *Wilson*, 593 F.2d at 1387. The Fifth Circuit has more recently held that, "government retaliation against a private citizen for the exercise of First Amendment rights cannot be objectively reasonable." *Keenan*, 290 F.3d at 261 (citing *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Furthermore, the actions alleged in plaintiff's complaint were not "objectively reasonable," in that there was no basis for the arrest of the process server.[9] Rec. Doc. 1 at 9 ¶ 30. Therefore, qualified immunity adds no unique barrier to plaintiff's recovery in this matter.

The Court will dismiss the claims against Ms. Wall without prejudice, with the exception of the official capacity claim against her, which is dismissed with prejudice.

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss is hereby GRANTED IN PART and DENIED IN PART. Plaintiff's claims against the defendant are hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 2nd day of July, 2014

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] Absence of probable cause for a retaliatory arrest renders that arrest unlawful. *Keenan*, 290 F.3d at 262 (citing *Rolf*, 77 F.3d at 828) ("If no reasonable police officer could have believed that probable cause existed for the law enforcement actions . . . [taken] against the plaintiffs, then their retaliation violated clearly established law in this circuit.").

11