UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOGAN N. MILLS** | **CIVIL ACTION** |
| **v.** | **NO. 13-5477 c/w 14-1837**<br>*PERTAINS TO BOTH CASES*<br>**SECTION: "C"** |
| **CITY OF BOGALUSA, ET AL** | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss and/or for Summary Judgment by the

City of Bogalusa, Joe Culpepper, and Kendall Bullen ("defendants") (Rec. Doc. 13).

Plaintiff, Logan N. Mills, opposes the motion. (Rec. Doc. 24). Having considered the

law, the facts, and the arguments of the parties, the Court DENIES the motion, for the

reasons discussed herein.

I.      **Background**

        This action arises out of the arrest and jailing of Daniel Dendinger ("Dendinger")

in connection with a lawsuit for excessive force brought by Logan N. Mills ("Plaintiff"),

currently also before this Court.[1] Per plaintiff's complaint, on April 20, 2011, plaintiff

committed an armed robbery of a bank in Bogalusa, Louisiana. Rec. Doc. 1 at 4. His

_____

[1] Dendinger is the plaintiff in an action consolidated with this one. Civ. A. 14-1837.

criminal trial for armed robbery commenced on August 13, 2012 in Washington Parish.
*Id*.

On April 18, 2012, prior to the criminal trial's commencement, plaintiff filed an

action under 42 U.S.C. §1983 in this Court, claiming that officers of the Bogalusa Police

Department had used excessive force in apprehending him following the armed robbery.

("the excessive force suit") *Id*. The excessive force suit named Bogalusa's Chief of

Police, Joe Culpepper ("Culpepper"), as well as Captain Kendall Bullen ("Bullen"),

Lieutenant Patrick Lyons ("Lyons"), Officer Scott Seals ("Seals") and former Officer

Chad Cassard ("Cassard") as defendants.

Several months after the filing of the excessive force suit, Seals and Cassard had

not yet been served in that matter. Mills' counsel learned that both men were no longer

employed with the Bogalusa Police Department, and that Cassard was now working in

the offshore oil industry. *Id*. at 5. Mills' counsel determined that Mills' criminal trial

would provide the best opportunity to serve Seals and Cassard, since both would be

testifying in that trial. After an unsuccessful attempt at service in the Washington Parish

Courthouse while the trial was ongoing, Mills' counsel instructed Douglas Dendinger

("Dendinger") to attempt service at the conclusion of the trial. *Id*. at 6.

Plaintiff alleges that on the afternoon of August 20, 2012, after the jury in the

criminal trial returned a verdict and was excused, Dendinger delivered the summons to

Cassard, who was standing on the courthouse steps near Bullen and Assistant District

Attorney Leigh Anne Wall ("Wall"). Plaintiff claims that Bullen yelled at Dendinger and

threw the envelope containing the summons and complaint toward Dendinger. Shortly

thereafter, Mills' counsel received a call from Pamela Jean Legendre, staff attorney for

the judge in Mills' criminal trial, who used profanity and stated that there had been an assault on a police officer and intimidation of a witness. *Id*. at 6-7. After the phone call, Dendinger was arrested and charged with obstruction of justice, intimidation of a witness, and battery of a police officer. *Id*. Dendinger was taken to the Washington Parish jail, where he allegedly was ridiculed by Wall, Bullen, and Culpepper. *Id*. at 8.

On August 19, 2013, plaintiff brought this action against the defendants under 42 U.S.C. §1983. Plaintiff claims that by selectively prosecuting Dendinger, defendants deprived plaintiff of the ability to exercise his First Amendment right to bring an excessive force suit and his Fourteenth Amendment right to equal protection. *Id*.

## II.      Standard of Review

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

### III.    Law and Analysis

Defendants argue that the action should be dismissed because plaintiff has failed to state a cause of action. Rec. Doc. 13-1 at 7. Defendants also assert that plaintiff cannot show that his First and Fourteenth Amendment rights have been violated. *Id*. at 9. In the alternative, defendants argue that Culpepper and Bullen are entitled to qualified immunity from suit. *Id*. at 10. Finally, defendants argue that the City of Bogalusa should be dismissed because plaintiff has failed to state a cause of action against it. *Id*. at 12. The Court will address each argument below.

### a. *Failure to State a Cause of Action and Failure to Prove Harm*

Defendants argue that plaintiff has failed to state a cause of action under Fed. R. Civ. P. 12(b)(6) and that plaintiff has not articulated what harm he suffered by the defendants. Rec. Doc. 13 at 6, 9. Because both arguments concern whether plaintiff has stated a cause of action to survive a motion to dismiss, the Court will discuss them together.

Defendants state that the complaint must fail because it "does nothing more than state conclusory allegations" and "does not specifically articulate or set forth a set of facts

that alleges which of the Plaintiff's constitutional rights have been violated by what

actions." Rec. Doc. 13-1 at 9. The Court disagrees. Plaintiff has alleged that Culpepper

and Bullen harassed plaintiff's process server. Plaintiff has also alleged in his opposition

to the instant motion that Bullen and Culpepper gave false voluntary statements in

connection with the process server's arrest. Rec. Doc. 24 at 4-5. Although the allegations

as to the false voluntary statements should have been asserted in the complaint, the Court

opts to allow plaintiff an opportunity amend his complaint within fourteen (14) days.

Defendants also assert that plaintiff has not stated a violation of his First and

Fourteenth Amendment rights. The Court agrees only in part. The Court finds that

plaintiff has not stated a claim under the Equal Protection Clause of the Fourteenth

Amendment against Bullen, Culpepper, and the City of Bogalusa. To state a claim under

the Equal Protection Clause, plaintiff must demonstrate that he has been treated

differently due to his membership in a protected class and that the unequal treatment

stemmed from discriminatory intent. *Hampton Co. Nat. Sur., LLC v. Tunica County,*

*Miss.*, 543 F.3d 221, 228 (5th Cir. 2008). Mills has not alleged that he belongs to a

protected class or that he experienced unequal treatment as a result of membership in a

protected class. "Unlike systemically discriminatory laws, isolated events that adversely

affect individuals are not presumed to be a violation of the equal protection clause."

*Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980). Accordingly, Mills' Equal

Protection claim against Bullen, Culpepper, and the City of Bogalusa is DISMISSED

WITH PREJUDICE.

Plaintiff also alleges that he has been deprived of his First Amendment right to

bring an excessive force suit. The First Amendment claim is alleged under the heading of

his Equal Protection claim, leaving the Court uncertain as to whether plaintiff intended to pursue his First Amendment claim and Equal Protection claim separately or under a single theory. Nevertheless, taking the "liberal notice pleading of Rule 8(a)" as "the starting point", and because plaintiff's brief in opposition to the motion clarifies that he is bringing a First Amendment retaliation claim (Rec. Doc. 24 at 9) the Court will treat the First Amendment claim separately from plaintiff's Equal Protection claim. *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002).

To state a claim of First Amendment retaliation, plaintiff must show: 1) he was engaged in constitutionally protected activity, 2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and 3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). It is well-established that access to the courts is protected by the First Amendment. "[T]he right of access to the courts is. . . but one aspect of the right of petition." *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002) (*quoting California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 511 (1972)). Thus, the Court finds that plaintiff was engaged in constitutionally protected activity. Turning to the second prong, the Fifth Circuit and other circuit courts have found it was met when plaintiffs suffered "various concrete intimidating tactics [that] would have deterred ordinary persons from criticizing government officials." *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002) (citing *North Miss. Comm., Inc. v. Jones*, 951 F.2d 652 (5th Cir. 1992); *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998); *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32 (1st Cir. 1992)). In *Keenan*, the Fifth Circuit

held that several incidents with an "undercurrent of violence," which included being

stopped by constables and other officers whose guns were drawn and being detained an

ordinate period of time, only to be issued a minor traffic citation that was later dismissed,

was sufficiently chilling to satisfy the second prong. *Id*. at 259. The Ninth Circuit has

held that a special prosecutor's issuance of invalid subpoenas to a newspaper met the

second prong. *Lacey v. Maricopa County*, 693 F.3d 896, 916-17 (9th Cir. 2012).

In this case, the complaint alleges that both Bullen and Culpepper are

policymaking officials of the City of Bogalusa and that Culpepper further possesses final

decisionmaking authority over the policies and practices of the Bogalusa Police

Department, including those regarding the honoring of service of process. Rec. Doc. 1 at

2. In the complaint, plaintiff alleges that Bullen "yelled at the process server and threw

the envelope (containing summons and complaint) at the process server," and that

Culpepper and Bullen taunted the process server, Dendinger, at the Washington Parish

Jail after he was arrested. *Id*. at 7. Plaintiff alleges that Culpepper whistled, winked and

laughed at Dendinger. *Id*.

In his opposition to the instant motion, plaintiff further asserts that both Bullen

and Culpepper provided false information in voluntary statements given to the

Washington Parish Sheriff's Office. Rec. Doc. 24 at 5. Bullen's voluntary statement reads

that he saw Dendinger "hit" Cassard in the chest area with a packet of papers. Rec. Doc.

24 at 9. In his deposition, Bullen claimed that he thought the envelope contained a bomb

and so threw it back at Dendinger. Rec. Doc. 13-6 at 5. Dendinger asserts that these

statements are false. In Culpepper's statement, which is contradicted by his later

deposition testimony, Culpepper claims to have observed a white male "slap" Cassard in

7

the chest with an envelope as Culpepper was walking down the steps of the courthouse. Rec. Doc. 24-11. Plaintiff states that "a short period of time after Culpepper and Bullen gave their Voluntary Statements, Dendinger was placed under arrest." Rec. Doc. 24 at 6. The Court finds that plaintiff's allegations that Culpepper and Bullen gave false statements that caused Dendinger to be arrested and held in jail for several hours and taunted by various law enforcement officials to be sufficiently chilling. If true, the improper arrest, jailing, and harassment of plaintiff's relative and process server is the type of improper law enforcement action that circuit courts have found sufficient to meet the second element of a retaliation claim. Finally, plaintiff has alleged that Bullen and Culpepper's actions were aimed at preventing the exercise of Mill's right to free speech. Rec. Doc. 1 at 8. Thus, the Court finds that plaintiff has sufficiently alleged a violation of his First Amendment rights.

b. *Qualified Immunity*

Defendants also assert that they are entitled to qualified immunity. Rec. Doc. 13-1 at 10. The qualified immunity defense shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). Once a defendant invokes the defense, the burden shifts to the plaintiff to show its inapplicability. *Id.* at 253. Plaintiff can meet this burden by showing that 1) the defendants committed a constitutional violation under current law, and 2) that the defendant's actions were objectively unreasonable in light of clearly established law at the time of the actions. *Id.*

Plaintiff argues that the First Amendment's right to petition and a citizen's right to access the courts were well-established at the time that Dendinger was arrested. Rec. Doc. 24 at 10. As discussed above, the Court agrees that this right was well-established by case law of the Fifth Circuit and the United States Supreme Court.

Plaintiff next avers that the Fifth Circuit has held that "government retaliation against a private citizen for the exercise of First Amendment rights cannot be objectively reasonable." Rec. Doc. 24 at 10 (quoting *Keenan*, 290 F.3d at 258). In *Keenan*, the Fifth Circuit affirmed that retaliation for the exercise of First Amendment rights is not objectively reasonable, but qualified its holding for situations in which "law enforcement officials might have a motive to retaliate but there was also a ground to charge criminal conduct against a citizen they disliked." 290 F.3d at 261. However, here Culpepper and Bibbins were not the officers who arrested Dendinger. Rather, they allegedly provided false statements that led to Dendinger's arrest. The Court finds that plaintiff has alleged unreasonable conduct in light of clearly established law. The Supreme Court has held that the use of false evidence to obtain a conviction is unlawful. *Napue v. People of State of Ill.*, 360 U.S. 264, 269-70 (1959). This principle has been upheld in this jurisdiction. *Castellano v. Fragozo*, 352 F.3d 939, 950 (5th Cir. 2003); *Young v. Biggers*, 938 F.2d 565 (5th Cir. 1991); *Burrell v. Adkins,* No. CIV.A. CV01-2679-M, 2007 WL 4699166, at *10 (W.D. La. Oct. 22, 2007) report and recommendation adopted as modified, No. CIV.A. 3:01CV2679, 2008 WL 130789 (W.D. La. Jan. 10, 2008) ("Officers are not entitled to qualified immunity if they knowingly presented false information in the affidavit for an arrest warrant."). Thus, taking plaintiff's allegations as true, the Court denies qualified immunity to defendants Bullen and Culpepper.

    *c.*   *City of Bogalusa*

      Finally, defendants assert that plaintiff has not alleged any causes of action against the City of Bogalusa, and that the City must be dismissed. Rec. Doc. 13-1 at 12. However, the Court finds that plaintiff's causes of action against Culpepper in his official capacity are to be interpreted as causes of action against the City of Bogalusa. The Supreme Court has stated that an official capacity suit represents "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because plaintiffs have alleged causes of action against Culpepper in his official capacity, the Court declines to dismiss the City of Bogalusa from the suit.

      Accordingly, IT IS ORDERED that defendants' motion is GRANTED IN PART and DENIED IN PART. Plaintiff's Equal Protection claim is DISMISSED WITH PREJUDICE. Plaintiff may proceed under his remaining claims. In addition, within fourteen (14) days, plaintiff shall amend his complaint to include the allegations set forth in his opposition to the instant motion.

      New Orleans, Louisiana on this 29th day of June, 2015

 

                     _____
                     UNITED STATES DISTRICT JUDGE