IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOGAN N. MILLS** | **CIVIL ACTION NO. 13-5477 c/w 14-1837** |
| | |
| | **SECTION: "C"** |
| **Versus** | |
| | **MAGISTRATE: DANIEL E. KNOWLES, III** |
| **CITY OF BOGALUSA, JOE CULPEPPER, KENDALL BULLEN, LEIGH ANNE WALL, AND JOHN DOE DEFENDANTS** | **JURY DEMANDED** |

*PERTAINS TO 13-5477*

## FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

NOW INTO COURT, through undersigned counsel, comes Logan N. Mills ("Plaintiff"), and for his First Amended Complaint, alleges as follows:

### THE PARTIES

1.

The defendants herein are:

  a. City of Bogalusa (hereinafter sometimes "City"), a body corporate and political subdivision of the State of Louisiana. City operates the Bogalusa Police Department. It is able to sue and be sued in its own name and is a "person" within the meaning of 42 U.S.C. § 1983.

    b. Joe Culpepper (hereinafter sometimes "Culpepper"), a person of the full age of majority and the duly appointed Chief of the Bogalusa Police Department, who resides in the Eastern District of Louisiana, sued in both his individual and official capacities.  Plaintiff is informed and believes and thereon alleges that Defendant Culpepper is, and at all relevant times was, a policy-making official of City and the Bogalusa Police Department.  Defendant Culpepper is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding the policies and practices of the Bogalusa Police Department, including without limitation policies and procedures regarding the honoring of service of process.

    c. Kendall Bullen (hereinafter sometimes "Bullen") is a person of the full age of majority, employed by the Bogalusa Police Department holding the rank and title of "Captain" and who on information and belief resides in Washington Parish and within the Eastern District of Louisiana.  Plaintiff alleges that Defendant Bullen is, and at all relevant times was, a policy-making official of the City and Bogalusa Police Department, acting under the color of law and within his capacity as an employee, agent, representative, and servant of Defendant City.  Defendant Bullen is sued herein in both his individual and official capacities.

    d. John Doe 1, a person of the full age of majority employed by the Bogalusa Police Department, who on information and belief resides in the Eastern District of Louisiana, and whose proper name Plaintiff has been unable to ascertain.  Plaintiff is informed and believes and thereon alleges that John Doe 1 is and was a policy-making official with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension and arrest of criminal suspects.  John Doe 1 is sued herein in both his/her official and individual capacity

   e. John Doe 2, a person of the full age of majority employed by the Bogalusa Police Department, who on information and belief resides in the Eastern District of Louisiana, and whose proper name Plaintiff has been unable to ascertain.  Plaintiff is informed and believes and thereon alleges that John Doe 2 is and was a policy-making official with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension and arrest of criminal suspects.  John Doe 2 is sued herein in both his/her official and individual capacity.

   f. John Doe 3, a person of the full age of majority employed by the Bogalusa Police Department, who on information and belief resides in the Eastern District of Louisiana, and whose proper name Plaintiff has been unable to ascertain.  Plaintiff is informed and believes and thereon alleges that John Doe 3 is and was a policy-making official with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension and arrest of criminal suspects.  John Doe 3 is sued herein in both his/her official and individual capacity.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3.

Venue is proper in this district and division under 28 U.S.C.A. § 1391(b), because the underlying acts and conduct violating applicable laws and constitutional rights occurred in this district; and/or each defendant conducts its/his/her affairs in, or is an inhabitant of, resides in, or has an agent in this district.

## FACTUAL ALLEGATIONS

4.

On April 20, 2011, it is alleged that plaintiff herein, Logan N. Mills, was involved with an armed robbery of Capital One Bank, located in Bogalusa, Louisiana.

5.

Trial in the above criminal trial commenced on or about August 13, 2012, in the 22d Judicial District for Washington Parish (Case No. 11-CR5113331), Division "B", the Hon. August J. Hand presiding.

6.

On or about April 18, 2012, and before commencement of the above criminal trial, plaintiff had filed an excessive force claim stemming from the above incident of April 20th, 2011. Mr. Mills' lawsuit, under 42 U.S.C. § 1983, was filed in the Eastern District of Louisiana in the case entitled *Logan N. Mills v. City of Bogalusa, etc. et al.* (Case No. 12-cv-0991) (hereinafter sometimes "Excessive Force Suit").

7.

The defendants in the Excessive Force Suit are Joe Culpepper, Chief of Police for the City of Bogalusa, Capt. Kendall Bullen (Bogalusa P.D.), Lieut. Patrick Lyons, Ofc. Scott Seals ("Seals"), and former Ofc. Chad Cassard ("Cassard").

8.

Pursuant to FRCP Rule 4(m), defendants are to be served with summons and complaint within 120 days after filing the complaint. As the month of August (2012) approached, Officers Seals and Cassard had not yet been served. Mills' counsel in the Excessive Force Suit ("Mills' counsel") was informed that Seals and Cassard were *no* longer employed with the Bogalusa P.D. Further, Plaintiff's counsel was informed that Cassard was now working offshore. The lack of service had been set for Docket Call, in the Excessive Force Suit, for August 22, 2012.

9.

Mills' counsel determined that the best opportunity to locate and serve defendants Seals and Cassard would be at or near the courthouse, since Officers Seals and Cassard would be testifying at the criminal trial. However, when the regular process server was contacted for this purpose, Mills' counsel was informed that they were overloaded at that time and were unavailable.

10.

Mills' counsel asked that Melanie Mills, the mother of Logan Mills, who was attending the criminal trial, act as a process server and hand an envelope containing summons and complaint to both Seals and Cassard.

11.

Pursuant to the above instructions, Melanie Mills handed an envelope to Seals in the hallway of the courthouse.

12.

On information and belief, Seals brought the service of process to the attention of Assistant District Attorney trying the Mills' criminal case, Leigh Anne Wall.  Further, on information and belief, Wall, in turn, advised and complained to Judge Hand of the service upon Seals.

13.

As a result, Judge Hand ordered that Melanie Mills stay away from the police officers during the trial.

14.

In view of Judge Hand's order, Mills' counsel instructed Melanie Mills not to serve Cassard during trial.  In addition, Mills' counsel notified the Case Manager (Section "C") in the Excessive Force Suit that he was in the process of serving the remaining defendants.  The Docket Call was passed for an additional thirty days.

15.

The criminal trial concluded on Monday afternoon, August 20, 2012.  The jury returned a verdict, after which the jury was excused.

16.

With the criminal trial completed, Mills' counsel instructed another individual (*not* Melanie Mills) to act as a process server in the Excessive Force Suit.  Because Cassard was no longer under the control of the Bogalusa P.D. and was working offshore, Mills' counsel instructed that Cassard be served *after* the criminal trial, but before he left the vicinity of the courthouse.

17.

Pursuant to these instructions, Mills' process server stood outside the courthouse and delivered the summons and complaint to Cassard, who had departed the courtroom after the verdict came in and who was standing on the courthouse steps. Standing nearby were, among others, defendants Capt. Kendall Bullen and Assistant District Attorney Leigh Anne Wall.

18.

On information and belief, after being served, Cassard called out to Ms. Wall. Further, plaintiff alleges, Capt. Bullen yelled at the process server and threw the envelope (containing summons and complaint) at the process server. The envelope landing on the wet pavement (it was raining) several feet from the process server.

19.

After the above occurred, Mills' counsel received a telephone call from Pamela Jean Legendre, Staff Attorney for Judge Hand. Among other things, using profanity, Ms. Legendre made the accusations that there had been an "assault on a police officer" and "intimidation of a witness." Legendre also advised that "they" were considering filing a complaint with the Louisiana State Bar against Mills' counsel.

20.

Mills' counsel responded by, among other things, assuring Legendre that there was no intent to intimidate witnesses. The only objective was service of process. Mills' counsel offered to speak to anyone, including Judge Hand, to explain why Cassard had been served in this manner. The telephone conversation was concluded. No one called back from the Judge's chambers.

21.

Soon after the above telephone conversation, Mills' counsel learned of a further development. The process server who had served Mr. Cassard at the courthouse was placed under arrest. On information and belief, the process server was charged with the following criminal offenses: 1) Obstruction of Justice (Felony); 2) Intimidation of a Witness (Felony); and 3) Battery of a Police Officer (Misdemeanor).

22.

Plaintiff alleges that defendants Culpepper and Bullen gave false voluntary statements that led to the arrest of plaintiff's process server. Culpepper, in his voluntary statement, claimed to have, personally, observed the process server while walking down the Franklinton Courthouse steps: "As I was walking down the steps of Washington Parish Courthouse, I observed a w/m wearing a pink long sleeve shirt slop [sic] Chad Cassard in the chest w/ an envelope." However, in a later deposition, Culpepper testified that he was *not* outside the Courthouse when Cassard was served and had *not* observed the service upon Cassard. Bullen, in his voluntary statement, claimed that Cassard had been hit with "force." This statement was false. Cassard was not hit with force and was not pushed backward, as was claimed. Further, in a later deposition, Bullen testified that he threw the envelope at the process server, because Bullen feared that there may have been a "bomb" inside the envelope. Plaintiff alleges that this assertion by Bullen about a "bomb" has no plausibility.

23.

Thereafter, the process server was taken to the Washington Parish Jail. On information and belief, as the process server was led toward the Booking Room, defendants Leigh Anne Wall, Capt. Bullen, and Chief Joe Culpepper were there to "greet" the process server. On information and belief, plaintiff alleges that, as the process server walked by, Chief Culpepper whistled the theme from Clint Eastwood's "The Good, The Bad & The Ugly", winked, and laughed. The Assistant District Attorney, Ms. Wall, on information and belief, joined in on the "fun" and laughed at the process server, as well.

24.

The process server was, subsequently, released after posting bail.

**COUNT I – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(First Amendment – Free Speech Retaliation)**

25.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this First Amended Complaint.

26.

The conduct of defendants, and each of them, deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, plaintiff's right to free speech under the First Amendment to the United States Constitution.

27.

Plaintiff alleges that he had and has a First Amendment right, among other rights, to bring his Excessive Force Suit.  Plaintiff further alleges that, by arresting his agent for service of process, defendants were engaged in a "selective prosecution" against plaintiff's agent, with the intent to prevent the exercise of plaintiff's constitutional right of free speech.  The arrest of plaintiff's agent for service of process, plaintiff alleges, was in retaliation for plaintiff's exercise of free speech. Specifically, plaintiff alleges that Capt. Bullen's tossing of the envelope at the process server, Chief Culpepper's whistle, and Ms. Wall's presence at the Washington Parish were not meant so much for the process server. Rather, plaintiff alleges, these were messages for plaintiff and his counsel in the Excessive Force Suit.  Plaintiff alleges that Ms. Legendre's threat of prosecution with the Louisiana Bar was intended, ultimately, for plaintiff.

28.

In performing these acts, defendants acted under color of state law.  Plaintiff alleges that Chief Culpepper and Captain Bullen were all, and each of them, final policymakers with respect to the actions they, each, took, as more fully set forth herein.

**No Qualified Immunity**

29.

At the time of the above uses of force, the contours of the law concerning, among other things, the First Amendment and Service of Process were clearly established.

30.

Plaintiff further alleges that, at the time defendants and John Does 1 through 3, which conduct plaintiff is informed and believes was either willful or done with deliberate indifference to plaintiff's rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law. Specifically, because the trial was, clearly, over at the time of service of process upon Mr. Cassard, there could be no obstruction of justice and/or intimidation of a witness. Further, on information and belief, Mr. Cassard was no longer a peace officer at the time he was served. Accordingly, the offense of assault on a peace officer could not, legally, be brought. Plaintiff alleges that these facts were clear to defendants Culpepper and Bullen at the time the process server was charged and arrested.

31.

As a direct and result of defendants' conduct as alleged above, plaintiff is entitled to declaratory relief, general damages, punitive damages, attorney's fees, and costs, as more fully set forth below.

32.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

33.

Plaintiff is further informed and believes and thereon alleges that the above-described acts of defendants depriving plaintiff of his constitutionally protected rights, privileges and immunities were done with evil motive or intent, or with reckless or callous indifference to plaintiff's rights. Accordingly, plaintiff seeks an award of punitive damages against the individual defendants in an amount according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against defendants, jointly and severally, as follows:

1.      For a declaration that defendants' conduct deprived plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States;

2.      For an injunction, prohibiting in the future defendants' illegal acts and misconduct complained of herein;

3.      For compensatory general damages in an amount according to proof;

4.      For, in the alternative, nominal damages;

5.      For punitive damages;

6.      For attorneys' fees in accordance with any and all statutes and laws, including without limitation those attorneys' fees pursuant to 42 U.S.C. § 1988;

7.      For costs incurred herein; and

8.      For such other and further relief as this court may deem just and proper.

**RESPECTFULLY SUBMITTED BY:**

s/ Philip J. Kaplan_____
**Philip J. Kaplan (LA State Bar # 14415)**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Blvd., Suite 106
Los Angeles, CA 90010
Phone:  (213) 480-8981
Fax:     (213) 480-8941
Email:  philipkaplan@ca.rr.com

*Attorney for Plaintiff*
*Logan N. Mills*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

**RESPECTFULLY SUBMITTED BY:**

s/ Philip J. Kaplan_____
**Philip J. Kaplan (LA State Bar # 14415)**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Blvd., Suite 106
Los Angeles, CA 90010
Phone:  (213) 480-8981
Fax:     (213) 480-8941
Email:  philipkaplan@ca.rr.com

*Attorney for Plaintiff*
*Logan N. Mills*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 13, 2015, the foregoing *First Amended Complaint For Damages And Declaratory Relief* was filed electronically with the Clerk of Court using the CM/ECF System.

s/ *Philip J. Kaplan*_____
**Philip J. Kaplan (#14415)**