**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LOGAN N. MILLS**                                    **CIVIL ACTION**

**v.**                                                        **NO. 13-5477 c/w 14-1837**
                                                    *PERTAINS TO BOTH CASES*
**CITY OF BOGALUSA, ET AL**                 **SECTION: "C"**

<u>**ORDER AND REASONS**</u>

Before the Court are Motions to Dismiss by defendants, Pamela Jean Legendre, Julie Knight, Leigh Anne Wall, and Walter Reed (Rec. Docs. 19, 43, 57). Plaintiff, Douglas L. Dendinger, opposes the motions. (Rec. Docs. 24, 50, 59). Having considered the law, the facts, and the arguments of the parties, the Court GRANTS IN PART and DENIES IN PART the motions, for the reasons discussed herein.

## I.      Background

The Court has previously recited much of the relevant background in its Order and Reasons of June 29, 2014. (Rec. Doc. 65). In brief, this action arises out of the arrest and jailing of the plaintiff, Daniel Dendinger ("Dendinger") in connection with a lawsuit for excessive force brought by Logan N. Mills ("excessive force suit"), currently also before this Court. Per Dendinger's complaint, on August 20, 2012, at the conclusion of

1

Logan Mills' criminal trial for armed robbery at the Washington Parish Courthouse, Dendinger attempted to serve a summons and complaint for Mills' excessive force suit upon Chad Cassard ("Cassard") while in the presence of Washington Parish Assistant District Attorneys, Leigh Anne Wall ("Wall") and Julie Knight ("Knight"), as well as Pamela Jean Legendre ("Legendre"). Rec. Doc. 1 at 7-9.

Dendinger alleges that later that day, his counsel received a phone call from Legendre, who was the staff attorney for the judge presiding over Logan M. Mills' criminal trial. Rec. Doc. 1 at 9. Legendre allegedly used profanity and accused Dendinger of committing an assault on a police officer and intimidation of a witness while attempting to serve Cassard. Legendre also stated that a complaint would be filed against him with the Louisiana Bar Association. *Id*. Soon after, Dendinger was arrested at his home by an officer of the Washington Parish Sheriff's Office. *Id*. He was brought to the Washington Parish Jail, where he claims that Wall, Knight, Legendre, and others verbally harassed him. *Id*. at 10. Dendinger was detained for roughly three hours, and released after posting bond. *Id*.

Dendinger further claims that prior to his arrest, Wall, Knight and Legendre provided false witness statements representing, *inter alia*, that Dendinger had "slapped" Cassard with the envelope containing the summons and complaint and that he had been present in the courtroom throughout the day prior to the trial's conclusion. *Id*. at 12-13. Dendinger also alleges that after conferring with Walter P. Reed ("Reed"), who was the District Attorney for Washington Parish at the time, Wall and Knight secured Reed's authorization to advise Sheriff Scott Seals of Washington Parish that there was probable cause to arrest Dendinger. *Id*. at 10. Dendinger claims that following the arrest, Wall

2

improperly served Dendinger's notice of arraignment on Dendinger's bondsman rather than Dendinger himself, then misrepresented the facts of her non-service at Dendinger's arraignment, leading to an attachment order being issued on Dendinger. *Id*. at 12.

On May 29, 2014, the Attorney General for the State of Louisiana informed Dendinger that he had refused the charges against Dendinger. Rec. Doc. 1 at 14. Dendinger brought this action on August 12, 2014, stating causes of action under §1983 for false arrest, false imprisonment, and municipal liability, as well as state law claims for malicious prosecution and abuse of process. Rec. Doc. 1. The complaint named numerous defendants, including Reed, Knight, Wall, and Legendre, who now move for dismissal of Dendinger's claims against them. Rec. Docs. 19, 43, 57.


## II.    Standard of Review

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

3

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

### III.    Law and Analysis

#### a.   Prescription

In their motion to dismiss, defendants Knight and Wall argue that Dendinger's claims against them have prescribed because Dendinger filed his complaint over a year after the alleged actions took place. Rec. Doc. 43-1 at 3. Courts entertaining claims brought under 42 U.S.C. §1983 must borrow the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989). When a state has one or more statutes of limitations for intentional torts as well as a residual statute for all other personal injury actions, then the residual statute of limitations applies. *Id*. Although state law determines the statute of limitations, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

In Louisiana, the prescriptive period for delictual actions is one year. La. C. C. Art. 3492. Knight and Wall argue that because the alleged actions occurred on August 22, 2012 and this complaint was filed on August 12, 2014, Dendinger's §1983 causes of action against them have prescribed. Rec. Doc. 43-1 at 3. Plaintiff responds that although

4

a one-year prescriptive period is indeed applicable in this situation, the Supreme Court's holding in *Wallace v. Kato* indicates that the cause of action did not accrue until Dendinger appeared at his February 12, 2014 arraignment. Rec. Doc. 50 at 8. However, Dendinger's interpretation of *Wallace* is mistaken. In *Wallace*, the Supreme Court held that a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run at the time the claimant ceased to be detained without legal process. *Wallace v. Kato*, 549 U.S. at 389-90. The Supreme Court reasoned that the tort of false arrest is a species of the tort of false imprisonment because "[e]very confinement of the person is an imprisonment." *Id.* at 388 Thus, the beginning of the limitations period was when the false imprisonment came to an end. *Id* at 390. It follows that an action for false imprisonment likewise accrues when the false imprisonment an end.

The Court notes that although some circuits have held that a §1983 action for false arrest  may accrue after the termination of the underlying criminal proceeding in plaintiff's favor,[1] the Fifth Circuit has explicitly rejected this approach. In *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008), the Fifth Circuit held that *Wallace* abrogated its previous finding that a false arrest claim accrued upon favorable termination of the underlying criminal proceeding. *Mapes v. Bishop*, 541 F.3d 582 (5th Cir. 2008).

Per the complaint, Dendinger was detained for roughly three hours on August 20, 2012. Rec. Doc. 1. Thus, his alleged false imprisonment concluded on August 20, 2012 and his causes of action for false arrest and false imprisonment accrued a year later on August 20, 2013. Accordingly, Dendinger's claims brought under §1983 for false arrest and false imprisonment have prescribed and are DISMISSED WITH PREJUDICE.

---

[1] *See, e.g., Covington v. City of New York*, 171 F.3d 117 (2d Cir. 1999).

5

However, the Court finds that Dendinger's remaining actions have not prescribed. As another district court has noted, the Supreme Court in *Wallace* distinguished actions for false arrest and false imprisonment from actions brought under the torts of malicious prosecution and wrongful use of judicial process. *Bibbins v. City of Baton Rouge*, 489 F.Supp.2d 562, 568 (M.D. La. 2007). In *Wallace*, the Supreme Court affirmed that a cause of action for malicious prosecution accrued upon "the favorable termination of criminal proceedings" because such favorable termination is an element of the action. *Wallace*, 549 U.S. at 392. In *Bibbins*, the district court allowed claims brought for fabrication of evidence and failure to investigate to proceed, but dismissed the plaintiff's claim for false arrest as time barred. *Bibbins*, 489 F.Supp.2d at 568. This Court likewise declines to dismiss the remaining claims based on prescription.

### b.  *Absolute immunity*

Defendants Wall and Reed both assert that they are absolutely immune from suit because they were performing prosecutorial functions. Rec. Doc. 57 at 4; Rec. Doc. 43-1 at 14. The Court will address each defendant's argument.

#### 1.  Reed

Reed argues that he is shielded from suit because "a prosecutor is entitled to absolute immunity for acts taken to initiate prosecution." Rec. Doc. 57-1 at 4.  The Court agrees in part. Dendinger alleges that Reed authorized Dendinger's arrest, allowed the filing of a bill of information containing fabricated charges, and allowed an attachment order to issue against Dendinger. Rec. Doc. 1 at 18. Dendinger states that Reed also "participated in the decision to advise the Washington Parish Sheriff's Office on probable

cause to arrest and/or ratified the actions of Wall and Knight." Rec. Doc. 1 at 24. In addition, Dendinger claims that Reed evinced deliberate indifference in failing to change policies that violated the rights of residents of Washington Parish and failing to adequately train his staff. Rec. Doc. 1 at 19-20.

Absolute immunity "protects the prosecutor's role as an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Thus, in determining immunity, a court must examine "the nature of the function performed, not the identity of the actor who performed it." *Id.* The Court finds that Reed's alleged authorization of Dendinger's arrest and involvement with the filing of a bill of information and order of attachment are activities "intimately associated with the judicial phase of the criminal process" that are entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Thus, Dendinger's claims against Reed on these grounds are DISMISSED WITH PREJUDICE.

Dendinger argues that Reed is not entitled to absolute immunity for his involvement in providing legal advice to members of the Washington Parish Police Department. The Court agrees. The Supreme Court has clearly stated that prosecutors are protected by qualified immunity, not absolute immunity, when they offer legal advice to police about an unarrested suspect. *Buckley v. Fitzsimmons*, 509 U.S. 259, 275-76 (1993). The Court likewise finds that setting training policy and departmental policy are removed from the prosecutorial function and are unrelated to Reed's role as an advocate, and thus entitled only to qualified immunity. *Kalina*, 522 U.S. at 127.

2.  Wall

Dendinger alleges that Wall, an assistant district attorney for Washington Parish, contacted Reed following Dendinger's attempt to serve Cassard and secured Reed's

7

authorization to make an arrest. Rec. Doc. 1 at 10. Dendinger also claims that Wall provided legal advice to Seal and the arresting officer about whether there was probable cause to arrest Dendinger and provided a witness statement falsely alleging that Dendinger had been in the courtroom where Mill's trial occurred. *Id*. at 10. Dendinger claims Wall was one of several defendants who were at the jail to "greet" and taunt him after his arrest. *Id*. Dendinger alleges that Wall served Dendinger's bondsman with Dendinger's notice of arraignment and then knowingly misrepresented the true facts about the non-service of the notice of arraignment to the court. *Id*. at 12. Dendinger argues that Wall failed to adequately investigate the charge against Dendinger. *Id*. at 16. Dendinger also charges that Wall, like Reed, allowed a bill of information containing fabrications to be filed and allowed the court to issue an attachment order against Dendinger. *Id*. at 18.

The Court finds that Wall's involvement in the filing of a bill of information and issuance of an attachment order against Dendinger are entitled to absolute immunity. In addition, any alleged misrepresentations to the court that Wall made regarding service of process are entitled to immunity. *Burns v. Reed*, 500 U.S. 478, 489-90 (1991) (Prosecutors are absolutely immune from damages for false and defamatory statements in judicial proceedings).  However, her alleged actions in providing a false witness statement, "greeting" Dendinger at the Washington Parish jail, advising Seal on the legality of Dendinger's arrest, and issuing service of the notice of arraignment to Dendinger's bondsmen are not covered by absolute immunity, as they are not within the purview of the prosecutorial function.

c. *Qualified Immunity*

Defendants Knight, Wall, and Reed also assert that they are entitled to qualified immunity. Rec. Docs. 43, 57. The defense of qualified immunity shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

The Court finds that qualified immunity does not shield Wall and Knight for allegedly providing false witness statements. Courts in this jurisdiction have repeatedly held that the fabrication of evidence to be used against a criminal defendant is "an indisputable violation of the defendant's constitutional rights." *Burrell v. Adkins*, No. CIV. A. 01-2679-M, 2007 WL 4699166 at 9-11 (W.D. La. Oct. 22, 2007) *report and recommendation adopted as modified*, No. CIV.A. 3:01CV2679, 2008 WL 130789 (W.D. La. Jan. 10, 2008) (citing *Castellano v. Fragozo*, 352 F.3d 939, 955 (5th Cir. 2003). These allegations, if true, were objectively unreasonable in light of clearly established law.

Defendants are also not immune from liability for providing legal advice to the Washington Parish Sheriff's Office. Presumably, if defendants advised that probable cause existed for an arrest when they knowingly fabricated evidence to support that finding, then the advice would be objectively unreasonable.

The Court finds that although troubling, Dendinger's allegation that he was "greeted" and verbally harassed by defendants when he was brought to the Washington Parish jail must be dismissed, as defendants are immune from liability for this alleged conduct. Other federal circuit courts have held that verbal harassment of a prisoner does

while "deplorable," does not violate the Constitution. *See Robinson v. Taylor*, 204 F.App'x 155, 156 (3d Cir. 2006); *McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir.2001); *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000); *see also Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997). Although these cases discuss this conduct's constitutionality under the Eighth Amendment, the Court has not located and Dendinger has not cited to cases holding that verbal harassment alone is a violation of the Fourth or Fourteenth Amendment. Of course, this harassment, while not actionable on its own, may support Dendinger's other claims against defendants.

Finally, defendants are immune from liability for their alleged failure to adequately investigate the charges against Dendinger prior to issuing a warrant for his arrest. Although causing an arrest warrant to issue without probable cause violates the Fourth Amendment, the failure to investigate alone does not violate the Constitution. *See, e.g.*, *Simmons v. Wainwright*, 585 F.2d 95, 96 (5th Cir. 1978).

Thus, Dendinger's claims against Knight and Wall for harassing Dendinger while he was jailed and against Knight, Wall, and Reed for failing to adequately investigate the charges against him prior to his arrest are DISMISSED WITH PREJUDICE.

### d.   Failure to state a claim §1983

Defendants Wall, Knight and Reed also argue that Dendinger has failed to state a claim under §1983. Rec. Doc. 43-1 at 5, 12; Rec. Doc. 57 at 9. As the Court has previously discussed, Dendinger's claims for false arrest and false imprisonment have prescribed, and the Court need not address them further.

Dendinger also avers that Wall and Reed violated his rights under the Fourth, Fifth, and Fourteenth Amendments, which he describes cumulatively as "procedural due process violations." Rec. Doc. 1 at 18. Specifically, he claims that Wall and Reed violated his right to be free from unreasonable searches and seizures and his right to be free of a warrant issued without probable cause. *Id.* The Court finds that these claims are properly alleged as false arrest and false imprisonment claims, rather than violations of due process. *See Albright v. Oliver*, 510 U.S. 266, 273-74 (5th Cir. 1994) (Deprivations of liberty without probable cause should be analyzed under the Fourth Amendment, not the Fourteenth Amendment.) As discussed above, Dendinger's false arrest and false imprisonment claims have prescribed.

Plaintiff also alleges that Wall and Reed caused him to be arraigned without proper notice, to be put under a No Bond Attachment Order, and to be charged with a Bill of Information that contained false and fabricated charges. Rec. Doc. 1 at 18. The Court has ruled that Wall and Reed are entitled to absolute immunity from liability for these allegations.[2] Thus, the Court dismisses Dendinger's §1983 claims stated in Count II of the complaint.

---

[2] Furthermore, while troubled by these allegations, the Court finds that even if the defendants were not shielded by absolute immunity, the allegations do not amount to a claim under §1983. To state a claim for procedural due process violations, a plaintiff must allege a deprivation of a property or liberty interest. *See, e.g.*, *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 225 (5th Cir. 2008) ("When there is no property interest, there is nothing subject to Due Process protections and our inquiry ends.") (internal quotations omitted); *Marrero v. City of Hialeah*, 625 F.2d 499, 519-20 (5th Cir. 1980) (To state a claim under the fourteenth amendment, the complaint must allege that the state deprived him of a liberty or property interest.). However, the actions set forth here each occurred *after* Dendinger's arrest and detainment, and Dendinger has not otherwise stated a deprivation of a liberty or property interest stemming from these allegations.

e. *Failure to state a Monell claim under §1983*

Reed argues that Dendinger has failed to state a cause of action against him in his official capacity. Rec. Doc. 57-1 at 9. Dendinger responds that Reed is liable as a final policymaker because he approved the actions of Wall and Knight and took no action to prevent them from conferring with Seal to secure Dendinger's arrest. Rec. Doc. 59 at 8. Dendinger also asserts that Reed is responsible for failing to train his staff. *Id*. at 9. The Court finds that Dendinger has adequately stated a claim under *Monell*. Under Fifth Circuit law, "it is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008). The Fifth Circuit has stated that where, as here, the plaintiff alleges that a final policymaker merely ratified the actions of a subordinate, the subordinate's actions must be "sufficiently extreme—for instance, an obvious violation of clearly established law." *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). As the Court has already found, Dendinger's allegations that Wall and Knight fabricated evidence and advised that probable cause to arrest existed was a violation of clearly established law. Thus, Dendinger may proceed with this cause of action. However, he will bear the heavy burden of proving that Reed had actual knowledge of his subordinate's violations and approved of their actions in order to prevail on his claim.

The Court also finds that Dendinger has stated a *Monell* claim for failure to train. To succeed on a failure to train claim, a plaintiff must allege that (1) training policy procedures were inadequate; (2) deliberate indifference in adopting the training policy; and (3) that the inadequate training policy caused the alleged harm. *Sanders-Burns v. City*

12

*of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). Dendinger has alleged that Reed failed to

train Assistant District Attorneys and staff in proper procedures consistent with the

Fourth and Fourteenth Amendments; that there was a department-wide culture of

prosecution at all costs; and that this training policy caused Dendinger's constitutional

injuries. At this stage, Dendinger need not offer "detailed factual allegations." *Iqbal*, 556

U.S. at 678. Thus, Reed's motion to dismiss Dendinger's *Monell* claims is DENIED.


     *f.   Failure to state a cause of action under state law*

     Finally, Legendre, Wall, Knight, and Reed all argue that Dendinger has failed to

state a claim under state law for malicious prosecution and abuse of process. To state a

cause of action for malicious prosecution under Louisiana state law, a plaintiff must

allege:

     (1) Commencement or continuance of a criminal proceeding;
     (2) Legal causation by defendant against plaintiff;
     (3) Bona fide termination in favor of present plaintiff;
     (4) Absence of probable cause;
     (5) Presence of malice; and
     (6) Damage resulting to plaintiff.

*Miller v. East Baton Rouge Parish Sheriff's Dept.,* 511 So.2d 446, 452 (La.1987).

Dendinger has alleged each of these elements. Although defendants argue that Dendinger

has not shown a bona fide termination in his favor, Louisiana state courts have previously

held that a prosecutor's own dismissal of the prosecution "gives rise to the presumption

of a lack of probable cause" and constitutes a bona fide termination of the criminal

proceedings in plaintiff's favor. *Hope v. City of Shreveport*, 862 So.2d 1139, 1143 (La.

App. 2 Cir. 2003). Dendinger alleges in his complaint that the Attorney General refused

the charges against him. Rec. Doc. 1 at 14. Thus, there was a bona fide termination in

Dendinger's favor.

To state a claim for abuse of process, a plaintiff must allege (1) an ulterior motive

and (2) a willful act in the use of process not proper in the regular prosecution of the

proceeding. *Succession of Cutrer v. Curtis*, 341 So.2d 1209, 1213-14 (La. App. 1 Cir.

1976). In his opposition to Legendre's motion to dismiss, Dendinger states that he does

not oppose her dismissal as a defendant. Rec. Doc. 23 at 17. Indeed, his complaint does

not allege that she participated in Dendinger's prosecution beyond providing a witness

statement that allegedly contained falsehoods. Rec. Doc. 1 at 13. Thus, the Court

dismisses the abuse of process claim against Legendre. However, Dendinger has stated a

cause of action for abuse of process against Reed, Knight and Wall. Plaintiff has alleged

an ulterior motive of retaliation against Dendinger for attempting to serve Cassard with

the complaint in Mills' excessive force lawsuit. Dendinger has also alleged a use of

process "not proper in the regular prosecution of the proceeding" by claiming that Reed,

Knight and Wall caused Dendinger's arrest by advising the Washington Parish's office of

the existence of probable cause where there was none. Thus, the Court DENIES the

motion to dismiss Dendinger's claim for abuse of process against Wall, Knight and Reed.


### IV.    Conclusion

Accordingly, IT IS ORDERED that the motions to dismiss filed by Reed, Wall

and Knight, and Legendre are GRANTED IN PART and DENIED IN PART as follows:

- Legendre's Motion to Dismiss is GRANTED IN PART and DENIED IN
  PART. The claims brought under §1983 in Count I of the complaint and

the claim for abuse of process under state law are DISMISSED WITH
PREJUDICE. The motion is denied in all other respects. Rec. Doc. 19.

- Wall and Knight's Motion to Dismiss is GRANTED IN PART and
  DENIED IN PART. The claims against them brought under §1983 in
  Count I and Count II of the complaint are DISMISSED WITH
  PREJUDICE. The Motion to Dismiss is denied in all other respects. Rec.
  Doc. 43.

- Reed's Motion to Dismiss is GRANTED IN PART and DENIED IN
  PART. The claims brought against him under §1983 in Count I and Count
  II of the complaint are DISMISSED WITH PREJUDICE. The motion is
  denied in all other respects. Rec. Doc. 57.

New Orleans, Louisiana this 13th day of July 2015.

_____
UNITED STATES DISTRICT JUDGE