```
                                Douglas Dendinger VOL I
0001
 1          UNITED STATES DISTRICT COURT
 2          EASTERN DISTRICT OF LOUISIANA
 3
 4    * * * * * * * * * * * * * *
                                 *  CIVIL ACTION NO.
 5    LOGAN N. MILLS              *      13-5477
                                 *  c/w 14-1837
 6              Plaintiff,       *
                                 *  All cases
 7    VERSUS                     *
                                 *  SECTION: "C"
 8    CITY OF BOGALUSA, ET AL.   *
                                 *  MAGISTRATE: 3
 9              Defendants.      *
                                 *
10    * * * * * * * * * * * * * *
11
12
13
14
15                    VOLUME I
16
17
18
19          Videotaped Deposition of DOUGLAS L.
20    DENDINGER, taken on Tuesday, October  27,
21    2015, commencing at 9:11 a.m., in the law
22    offices of Hailey, McNamara, Hall, Larmann &
23    Papale, LLP, One Galleria Boulevard, Suite
24    1400, Metairie, Louisiana, 70001.
25
0002
 1                    I N D E X
 2
 3                                          Page
 4
 5    Caption                                  1
 6    Appearances                              3
 7    Agreement of Counsel                     6
 8    Examination
 9
10         BY MR. AGUDA                        8
11
12
13    Witness' Certificate                   225
14    Reporter's Certificate                 226
15
16              *    *    *
17
18
19
20
21
22
23
24
25
0003
 1   APPEARANCES:
 2
 3     Representing the Plaintiff:
 4        LAW OFFICES OF PHILIP J. KAPLAN
```

Page 1



EXHIBIT 6 p.1

```
                         Douglas Dendinger VOL I
         3278 Wilshire Boulevard, Suite 106
 5       Los Angeles, California  90010
 6       BY:  PHILIP J. KAPLAN
 7
 8    Representing the City of Bogalusa, Joe
      Culpepper, Kendall Bullen, Chad Cassard and
 9    Scott Seals:
10       NIELSEN, CARTER & TREAS, LLC
         Three Lakeway Center, Suite 2850
11       3838 North Causeway Boulevard
         Metairie, Louisiana  70002
12
         BY:  JOSEPH J. AGUDA, JR.
13       BY:  KEITH M. DETWEILER
14
15    Representing 22nd Judicial District
      Attorneys:
16
         22ND JUDICIAL DISTRICT ATTORNEY'S OFFICE
17       Justice Center
         701 North Columbia Street
18       Covington, Louisiana  70433
19       BY:  EMILY COUVILLION
20
21
22
23    Reported by:
24          JULIA D. HARPER
            Certified Court Reporter
25          State of Louisiana
0004
 1  APPEARANCES:
 2
 3    Representing Walter Reed in his Personal
      Capacity:
 4
         HAILEY, MCNAMARA, HALL, LARMANN & PAPALE
 5       One Galleria Boulevard, Suite 1400
         Metairie, Louisiana  70001
 6
         BY:  B. MARIANNE WISE
 7
 8
      Representing Julie Knight:
 9
         LAW OFFICES OF DAVID R. PADDISON
10       600 Covington Center
         Covington, Louisiana  70433
11
         BY:  DAVID R. PADDISON
12
13
14    Representing Walter Reed in his Official
      Capacity and Leigh Anne Wall:
15
         LAW OFFICES OF KATHRYN W. LANDRY
16       8550 United Plaza Boulevard, Suite 702
         Baton Rouge, Louisiana  70809
17
         BY:  KATHRYN W. LANDRY
18
19
20
```



```
                                    Douglas Dendinger VOL I
21
22
23      Reported by:
24           JULIA D. HARPER
             Certified Court Reporter
25           State of Louisiana
0005
 1   APPEARANCES:
 2
 3      Representing Washington Parish Sheriff's
        Office, Mike Haley, Steven Barry Galloway
 4      and Randy "Country" Seal:
 5        TALLEY, ANTHONY, HUGHES & KNIGHT, LLC
          2250 7th Street
 6        Mandeville, Louisiana  70471
 7        BY:  CHARLES M. HUGHES, JR.
 8
 9
10
11
12
13
14
15      ALSO PRESENT:
16         TODD MEAUX, CLVS, Depo-Vue Inc.
17
18
19
20
21
22
        Reported by:
23
             JULIA D. HARPER
24           Certified Court Reporter
             State of Louisiana
25
0006
 1              S T I P U L A T I O N
 2
 3           It is stipulated and agreed by and
 4   among Counsel that the videotaped deposition
 5   of DOUGLAS L. DENDINGER is hereby being taken
 6   under the Federal Rules of Civil Procedure, in
 7   accordance with the Code.
 8
 9           The formalities of sealing and
10   certification are hereby waived.  The witness
11   reserves the right to read and sign the
12   deposition.  The party responsible for service
13   of the discovery material shall retain the
14   original.
15
16           All objections are to be made in
17   accordance with the Code of Civil Procedure.
18
19
20                  *  *  *  *  *
21
22           JULIA D. HARPER, Certified Court
23   Reporter, in and for the State of Louisiana,
24   officiated in administering the oath to the
25   witness.
```

Page 3



EXHIBIT 6 p.3

Douglas Dendinger VOL I

```
21   Correct?
22       A    As far as I know.
23       Q    Okay.  So if it's -- I want to go
24   back to the date of -- the day of the service
25   on Officer Cassard.  It was raining.  Right?
0155
 1       A    Yes.
 2       Q    So it was overcast?
 3       A    Yes.
 4       Q    And it was at some point in late
 5   afternoon that Officer Cassard came out, and
 6   you served him?
 7       A    Right.  I believe it was
 8   approximately 7:30.
 9       Q    P.m.?
10       A    Correct.
11       Q    All right.  In your responses to the
12   Bogalusa Defendants Interrogatory Number 5,
13   you listed several physicians.  You listed
14   Avery Buras, MD, of Hammond, at the VA
15   Outpatient Clinic.  Who -- do you recall Avery
16   Buras, who that is?
17       A    I do.  He's a psychologist.
18       Q    And what is he treating for you?
19   Well -- oh, it says, has been treated.  So
20   what is -- what is Mr. Buras -- is he
21   currently treating you, I guess is the better
22   question?
23       A    Yes.
24       Q    What is he treating you for?
25       A    Anxiety and depression, I believe.  I
0156
 1   know depression.  I believe he's -- I've heard
 2   the word "anxiety" bandied about.  I don't
 3   know what they've put on paper.
 4       Q    And how long have you been seeing
 5   Dr. Buras, for what you believe to be anxiety
 6   and depression?
 7       A    Dr. Buras has replaced a psychiatrist
 8   that I was seeing, whose name is Dr. Jensen,
 9   at the same facility, and I -- I believe about
10   a year now.  I don't remember the first date,
11   the date of the first appointment.
12       Q    So you've been seeing Dr. Buras for
13   approximately a year?
14       A    I've been seeing Dr. Jensen
15   approximately a year ago.  She recently left,
16   and Dr. Buras is her -- has started seeing me
17   since.  I've only seen Dr. Buras twice, I
18   believe.
19       Q    Okay.  So how long did you see
20   Dr. Jensen?
21       A    About approximately, the first
22   appointment was approximately a year ago.  I
23   saw her a couple of times, maybe three times,
24   and then I saw doctor -- she left, and I saw
25   Dr. Buras for the first time, so how long did
0157
 1   I -- I -- seven months is my guess, that I saw
 2   Dr. Jensen.
 3       Q    So including both doctors, Buras and
 4   Jensen, how many times did you visit?
 5       A    About a half a dozen, approximately,
```

Page 65



EXHIBIT 6 p 4

Douglas Dendinger VOLUME II
227

1     UNITED STATES DISTRICT COURT
2     EASTERN DISTRICT OF LOUISIANA
3
4  * * * * * * * * * * * * * *
                              *  CIVIL ACTION NO.
5  LOGAN N. MILLS              *     13-5477
                              *  c/w 14-1837
6        Plaintiff,            *
                              *  All cases
7  VERSUS                      *
                              *  SECTION: "C"
8  CITY OF BOGALUSA, ET AL.    *
                              *  MAGISTRATE: 3
9        Defendants.            *
                              *
10 * * * * * * * * * * * * * *
11
12
13
14
15              VOLUME II
16
17
18
19      Videotaped Deposition of DOUGLAS L.
20 DENDINGER, taken on Tuesday, October 27,
21 2015, commencing at 9:11 a.m., in the law
22 offices of Hailey, McNamara, Hall, Larmann &
23 Papale, LLP, One Galleria Boulevard, Suite
24 1400, Metairie, Louisiana, 70001.
25

CURE, KNAAK & BELL, INC.
New Orleans, Louisiana 70113
(504) 524-2224

228

Page 1



Douglas Dendinger VOLUME II

1                  I N D E X

2

3                                         Page

4

5   Caption                                        227

6   Appearances                              229

7   Agreement of Counsel                 232

8   Examination

9

10        BY MR. AGUDA                233, 411

11        BY MR. HUGHES                   237

12        BY MS. LANDRY                   299

13        BY MR. PADDISON                335

14        BY MS. WISE                      391

15

16

17   Witness' Certificate                 420

18   Reporter's Certificate              421

19

20                *   *   *

21

22

23

24

25

                 CURE, KNAAK & BELL, INC.
             New Orleans, Louisiana   70113
                   (504) 524-2224

                                                229

1   APPEARANCES:

2



Douglas Dendinger VOLUME II

3    Representing the Plaintiff:

4       LAW OFFICES OF PHILIP J. KAPLAN
        3278 Wilshire Boulevard, Suite 106
5       Los Angeles, California  90010

6       BY:  PHILIP J. KAPLAN

7

8    Representing the City of Bogalusa, Joe
     Culpepper, Kendall Bullen, Chad Cassard and
9    Scott Seals:

10      NIELSEN, CARTER & TREAS, LLC
        Three Lakeway Center, Suite 2850
11      3838 North Causeway Boulevard
        Metairie, Louisiana  70002
12
        BY:  JOSEPH J. AGUDA, JR.
13      BY:  KEITH M. DETWEILER

14

15   Representing 22nd Judicial District
     Attorneys:
16
        22ND JUDICIAL DISTRICT ATTORNEY'S OFFICE
17      Justice Center
        701 North Columbia Street
18      Covington, Louisiana  70433

19      BY:  EMILY COUVILLION

20

21

22

23   Reported by:

24         JULIA D. HARPER
           Certified Court Reporter
25         State of Louisiana


              CURE, KNAAK & BELL, INC.
           New Orleans, Louisiana  70113
                  (504) 524-2224
                                            230


1  APPEARANCES:

2

3  Representing Walter Reed in his Personal
   Capacity:
4

Page 3

EXHIBIT 6 P.7

```
                    Douglas Dendinger VOLUME II
         HAILEY, MCNAMARA, HALL, LARMANN & PAPALE
  5      One Galleria Boulevard, Suite 1400
         Metairie, Louisiana  70001
  6
         BY:  B. MARIANNE WISE
  7

  8
       Representing Julie Knight:
  9
         LAW OFFICES OF DAVID R. PADDISON
 10      600 Covington Center
         Covington, Louisiana  70433
 11
         BY:  DAVID R. PADDISON
 12

 13

 14    Representing Walter Reed in his Official
       Capacity and Leigh Anne Wall:
 15
         LAW OFFICES OF KATHRYN W. LANDRY
 16      8550 United Plaza Boulevard, Suite 702
         Baton Rouge, Louisiana  70809
 17
         BY:  KATHRYN W. LANDRY
 18

 19

 20

 21

 22

 23    Reported by:

 24          JULIA D. HARPER
             Certified Court Reporter
 25          State of Louisiana


              CURE, KNAAK & BELL, INC.
            New Orleans, Louisiana  70113
                  (504) 524-2224
                                            231


  1  APPEARANCES:

  2

  3  Representing Washington Parish Sheriff's
     Office, Mike Haley, Steven Barry Galloway
  4  and Randy "Country" Seal:

  5    TALLEY, ANTHONY, HUGHES & KNIGHT, LLC
       2250 7th Street
  6    Mandeville, Louisiana  70471
                                    Page 4
```


EXHIBIT 6 p.8

Douglas Dendinger VOLUME II

7   BY:   CHARLES M. HUGHES, JR.
8
9
10
11
12
13
14
15  ALSO PRESENT:
16      TODD MEAUX, CLVS, Depo-Vue Inc.
17
18
19
20
21
22
    Reported by:
23
            JULIA D. HARPER
24          Certified Court Reporter
            State of Louisiana
25

            CURE, KNAAK & BELL, INC.
            New Orleans, Louisiana  70113
                  (504) 524-2224
                                                232

1           S T I P U L A T I O N
2
3        It is stipulated and agreed by and
4   among Counsel that the videotaped deposition
5   of DOUGLAS L. DENDINGER is hereby being taken
6   under the Federal Rules of Civil Procedure, in
7   accordance with the Code.
8
                     Page 5


EXHIBIT 6 p. 9

Douglas Dendinger VOLUME II

9  The formalities of sealing and
10 certification are hereby waived.  The witness
11 reserves the right to read and sign the
12 deposition.  The party responsible for service
13 of the discovery material shall retain the
14 original.
15
16      All objections are to be made in
17 accordance with the Code of Civil Procedure.
18
19
20           * * * * *
21
22      JULIA D. HARPER, Certified Court
23 Reporter, in and for the State of Louisiana,
24 officiated in administering the oath to the
25 witness.

```
        CURE, KNAAK & BELL, INC.
       New Orleans, Louisiana  70113
              (504) 524-2224
                                    233
```

1      P R O C E E D I N G S
2          THE VIDEOGRAPHER:
3              We're back on the record.  The
4          time is 3:28.
5 EXAMINATION BY MR. AGUDA:
6      Q    Okay.  So going back on the record,
7 just a couple of quick questions, and we
8 discussed the audio recorder earlier.  You had
9 your cellphone here today?
10     A    Yes, I do.

Page 6

EXHIBIT 6 p.10

```
                    Douglas Dendinger VOLUME II
19   with the event that took place after that very
20   case where there was an arrest, felony
21   charges, and -- and -- and -- and two
22   assistant district attorneys writing witness
23   statements in an incident.
24          I think either one of those alone,
25   they would have certainly called Mr. Reed.
```

             CURE, KNAAK & BELL, INC.
            New Orleans, Louisiana  70113
                  (504) 524-2224
                                              317

```
1    The combination, I don't buy for a second that
2    they didn't call Mr. Reed, and I don't believe
3    that they would have acted alone on writing
4    witness statements, and that's my belief.
5         Q    Other than your belief, are there any
6    witnesses, documentation, recordings, or
7    anything of that nature that would
8    substantiate your belief?
9         A    Other than his signature, his
10   personal signature on my bill of information,
11   nothing else I can think of at this time.
12        Q    But the bill of information wasn't
13   signed until many months after the incident.
14   Is that correct?
15        A    I assume so, yes, ma'am.
16        Q    So that wouldn't substantiate your
17   belief that he was aware of anything going on
18   that night.  Correct?
19        A    The signature would not necessarily,
20   no.
```

Page 85


EXHIBIT 6 p. 11

Douglas Dendinger VOLUME II

21  Q  Okay. Any other evidence to support
22  your belief?
23  A  Not that I can think of at this time.
24  Q  Okay. You also allege that the
25  district attorney sanctioned, condoned, and

CURE, KNAAK & BELL, INC.
New Orleans, Louisiana 70113
(504) 524-2224

318

1  approved the policy of arresting members of
2  the public without probable cause or
3  reasonable suspicion, and I basically have the
4  same question in regard to this. What
5  evidence do you have to prove that the
6  district attorney sanctioned, condoned, and
7  approved this alleged policy?
8  A  Ma'am, I believe that the district
9  attorney is the -- the man in charge of the
10 office, and I believe that in a case such as
11 mine is a perfect example. I don't believe
12 that it rose to the level -- level of probable
13 cause, due to the fact that the video evidence
14 was so readily available, and there were no --
15 no -- no urgent reasons to -- to make an
16 arrest on such a thing that night until they
17 could view video, but anyway, they did.
18         And again, as I've already stated, I
19 believe Mr. Reed knew about it, or would have
20 known about it, and so I -- I don't believe
21 that the arrest was justified, and I believe
22 that anybody that knew about it was wrong.

Page 86



Douglas Dendinger VOLUME II

CURE, KNAAK & BELL, INC.
New Orleans, Louisiana   70113
(504) 524-2224

336

```
 1  Have you ever met Ms. Knight?
 2    A    No, sir.
 3    Q    Have you ever seen her in the
 4  courtroom?
 5    A    No, sir.
 6    Q    When your nephew, Mr. Mills, was
 7  being tried, did you ever go into the
 8  courtroom?
 9    A    No, sir.
10    Q    And at no time did anyone describe
11  Julie to you?
12    A    My wife did, sir.
13    Q    Okay, but Julie was not the one who
14  was standing outside the doors that night
15  screaming, was she?
16    A    No, sir.
17    Q    And Julie was not in the police
18  station when you arrived back when you were
19  arrested, was she?
20    A    I believe she was, sir, yes.
21    Q    You think she was?
22    A    Yes, sir.
23    Q    Where do you think she was?
24    A    In the hallway, I believe.  I don't
25  recall what side, but I believe she was in
```

CURE, KNAAK & BELL, INC.
New Orleans, Louisiana   70113
Page 103


EXHIBIT 6 p.13

```
 1   the --
 2      Q    Are you positive she was there?
 3      A    Yes, sir, I believe she was.
 4      Q    And if she said she wasn't, you would
 5   say she was mistaken?
 6      A    Yes, sir.
 7      Q    Okay.  What does she look like?
 8      A    Sir, she's got brown hair, brown
 9   eyes; you know.
10      Q    So in relation to where everyone else
11   was standing when you got back to the
12   courthouse -- I'm sorry.  Go ahead.
13      A    No, no, no.  I was thinking, sir.  I
14   was just raising my hand, kind of thinking.
15   Go ahead.
16      Q    I know -- I know it's a lot to
17   remember.
18      A    Yeah.
19      Q    But you were -- or you were
20   transported to the courthouse about 8:30,
21   quarter to nine.  Is that about right?
22      A    To the jail you mean, sir?
23      Q    Yes.
24      A    Yeah -- yes.
25      Q    You were picked up at home about
```


EXHIBIT 6 p.14

Douglas Dendinger VOLUME II

5   envelope, right there, so he reaches up and
6   grabs the envelope.
7       Q    And you said, "You're served,
8   brother"?
9       A    Yes.
10      Q    Was he your brother?
11      A    No.  It's an expression I use often.
12      Q    Okay.  Like an affectionate
13  expression?
14      A    Yeah.
15      Q    So you felt a certain affection for a
16  man who just testified in convicting your
17  nephew?
18              MR. KAPLAN:
19                  I'm going to object to the form.
20  EXAMINATION BY MR. PADDISON:
21      Q    I just want to be sure that I'm -- I
22  got it right.  Do you have any information
23  whatsoever that Julie Knight had anything to
24  do with either -- I think you testified that
25  Leigh Anne was in court with the -- with the

          CURE, KNAAK & BELL, INC.
        New Orleans, Louisiana  70113
              (504) 524-2224
                                          357


1   attachment.  Do you have any information that
2   she had anything to do with that, or was
3   there?
4               MR. KAPLAN:
5                   The attachment, you're asking
6           about?

                Page 122


EXHIBIT 6 p15

Douglas Dendinger VOLUME II

7   MR. PADDISON:
8       Yes.
9   MR. KAPLAN:
10      Okay.
11  THE WITNESS:
12      With the attachment
13  specifically, I have -- no, I -- I
14  don't know.
15  EXAMINATION BY MR. PADDISON:
16  Q   Whenever you appeared in court in
17  Washington Parish after that, did you ever see
18  Julie Knight?
19  A   I did not.
20  Q   Isn't it true that you discovered
21  that Julie Knight was not even assigned to
22  Washington Parish.  Did you come to learn
23  that?
24  A   No, actually I didn't know that.
25  Q   Okay, and regarding any discussions,

1  do you have any information whatsoever that
2  Julie Knight had any input into any charges
3  brought against you?
4  A   Absolutely.  I read her statement.
5  Q   Okay.  Shy of her statement, which
6  we'll get into in a moment, you testified
7  Leigh Anne gave advice to the police.  Is that
8  correct?

EXHIBIT 6 p.16

Douglas Dendinger VOLUME II

```
 9    A    Yes.
10    Q    Do you have any information that
11  shows that Julie gave advice to the police?
12    A    Aside from her statement, no.
13    Q    Okay.  Just her statement?
14    A    That's all I'm aware of.
15    Q    And in fact, when the officers gave
16  statements and depositions in the other cases
17  and in affidavits, they never said Julie told
18  them anything, did they?
19              MR. KAPLAN:
20                  Object to form.
21              THE WITNESS:
22                  I don't recall reading that in
23              their depositions.
24  EXAMINATION BY MR. PADDISON:
25    Q    Okay.  So you have no evidence, other
```

CURE, KNAAK & BELL, INC.
New Orleans, Louisiana   70113
(504) 524-2224

359

```
 1  than her statement, that she gave advice to
 2  any police officer at all.  Correct?
 3    A    Not that I understand at this time,
 4  no.
 5    Q    And do you have any information at
 6  all that Julie Knight had anything to do, or
 7  in fact discussed anything to do with any
 8  charges that were eventually preferred against
 9  you a year later?
10    A    Sir, I believe writing a statement
```
Page 124



EXHIBIT 6 p.17